UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL J. MONROE,

                     Plaintiff,

-against-

COUNTY OF ROCKLAND; CORRECTION OFFICER JOHN DOE,

                     Defendants.

21-CV-2472 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently detained at Rockland County Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff sues Rockland County and John Doe, alleging that they failed to protect him from assault by another inmate. By order dated April 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Michael Monroe alleges the following facts in his complaint: Plaintiff is a pretrial detainee in Rockland County Correctional Facility. On October 8, 2020, Plaintiff was in the "IV room" in the C-Wing Housing Unit, which he describes as a "secure room where the vending machine and kiosk are located." (ECF 2 at 4.) A sign on the door of the IV room states that only two inmates are allowed in at one time, and a correction officer must unlock the IV room door from the control room.

Plaintiff was in the IV room with another inmate, when the door opened and a third inmate entered. Plaintiff stood up, intending to leave the room, but the inmate "brutal[l]y assaulted" Plaintiff by punching him in the eye and slapping him hard on the left side of his head. Plaintiff suffered a blood clot in his eye and a perforated eardrum, which bled for three days.

Medical personnel treated Plaintiff's injuries with ice packs and pain medication. (*Id.* at 6.) They were extremely concerned about Plaintiff's injuries and wanted to send him to Nyack

Hospital, but Plaintiff refused due to fear of exposure to Covid-19. (*Id.* at 5.) Plaintiff continues to suffer blurred vision, hearing loss, and "ear pains." (*Id.*) Plaintiff asserts federal claims under § 1983 for violations of his constitutional rights, and brings state law claims. He seeks $500,000 in damages.

## DISCUSSION

### A.   Failure to Protect

Plaintiff alleges that defendants violated his constitutional rights by failing to protect him from assault. A pretrial detainee's claim of deliberate indifference to his safety arises under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017). To state such a claim, a prisoner must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions of confinement are sufficiently serious, and (2) a "mental" element, which requires a showing that defendant acted with at least deliberate indifference to those conditions. *Darnell*, 849 F.3d at 29, 33 n.9.

To satisfy the objective element, a prisoner must plead facts that "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety. *Id.* at 30 (internal quotation marks and citations omitted). To satisfy the mental element, a pretrial detainee must allege facts showing that a jail official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The negligence of a jail official is not a basis for a § 1983 claim for a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

3

Plaintiff has not alleged facts sufficient to state a § 1983 claim for defendants' failure to protect him from another prisoner's attack. First, as to the objective element, where a claim is based on the defendants' failure to prevent harm, the plaintiff must plead and eventually prove that he is "incarcerated under conditions posing a substantial risk of serious harm." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Plaintiff's allegations that prison rules permitted only two prisoners in the "IV room" but three were admitted, without more, are insufficient to plead that he faced an objectively serious risk of harm. Moreover, as to the mental element of a deliberate indifference claim, nothing in the complaint suggests that Correction Officer John Doe or anyone else "knew, or should have known," *Darnell*, 849 F.3d at 35, that the other prisoner posed an excessive risk to Plaintiff's health or safety when he opened the door to the IV room. Plaintiff thus fails to state a § 1983 claim on which relief can be granted for deliberate indifference to a risk to him of serious harm.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend his complaint to allege facts showing that he faced an objectively serious risk of harm and that defendants knew or should have known of that risk but failed to take reasonable steps to protect him.

**B.     County of Rockland**

When a plaintiff sues a municipality such as Rockland County under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

4

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Here, Plaintiff fails to plead any facts suggesting that a policy, custom, or practice of Rockland County caused a violation of his rights. Plaintiff thus fails to state a claim under § 1983 against Rockland County.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for deliberate indifference, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

5

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-2472 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the § 1983 claims will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to exercise supplemental jurisdiction over the state law claims.

SO ORDERED.

Dated:  April 5, 2021
         New York, New York

                                                COLLEEN McMAHON
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other:

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other:

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 2:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 3:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 4:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name    Middle Initial | Last Name |
| Prison Address | |
| County, City    State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____